UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
GARTH WALLER, :
:
Plaintiff, :
:
-against- : 03 Civ. 8305 (GEL)
:
ELIZABETH WILLIAMS, : **OPINION AND ORDER**
AVIS RENT-A-CAR SYSTEM, :
VINCENT COOPER, and :
YVONNE BALDWIN, :
:
Defendants. :
:
------------------------------------------------------------x

Joshua A. Siegel, Esq., Weiser & Associates,
New York, New York for plaintiff Garth Waller.

Robert W. Allen, Acito Klein & Candiloros, P.C.,
New York, New York for defendants Vincent Cooper
and Yvonne Baldwin.

Stephanie M. Holzback, White Fleischner & Fino,
LLP, New York, New York for defendants
Elizabeth Williams and Avis Rent-a-Car System.

GERARD E. LYNCH, District Judge:

  Plaintiff Garth Waller sues defendants Elizabeth Williams, Avis Rent-A-Car System ("Avis"), Vincent Cooper, and Yvonne Baldwin for personal injuries sustained in a three-car collision at the intersection of Third Avenue and One Hundredth Street in Upper Manhattan on July 11, 2000. The basic facts of the collision are undisputed and straightforward: a car driven by Cooper, and owned by Baldwin, struck the rear of a car driven by Williams, and leased from defendant Avis, which was in turn propelled into the back of the pickup truck in which Waller was riding as a passenger. The instant Complaint was filed in state court on June 5, 2003, and

removed by Avis to federal court on October 21, 2003, on the basis of diversity jurisdiction.

All parties now move for summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Ordinarily, a "genuine issue as to any material fact" is established "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "It is the movant's burden to show that no genuine factual dispute exists, and all reasonable inferences must be drawn in the non-movant's favor." Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) (internal citations omitted); see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). In determining the existence of disputed facts, "[c]onclusory allegations or unsubstantiated speculation" will not suffice. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendants Williams and Avis move for summary judgment on the ground that plaintiff has failed to establish a prima facie case of negligence as against them. That motion will be granted. No party submitted any opposition to their motion during the time provided by the briefing schedule in this matter, and the Court has confirmed with the other parties that the motion is unopposed. In any event, plaintiff has not pointed to any evidence, and the Court is aware of none, indicating that Williams was negligent in any way, or that she was anything other than a passive victim of alleged negligence on the part of defendant Cooper. Accordingly,

defendants Williams and Avis are dismissed from this matter.

Defendants Cooper and Baldwin move for summary judgment on the threshold issue of whether his injuries are sufficiently serious to permit plaintiff to proceed under New York's no-fault scheme. Under the Comprehensive Motor Vehicle Insurance Reparations Act, there is "no right of recovery for non-economic injury, except in the case of serious injury" in a suit by one covered party against another for personal injuries arising out of negligent use or operation of a motor vehicle. N.Y. Ins. Law § 5104. A "serious injury," in turn, is one

> which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). Where the alleged injuries do not fall within this definition, the injuries are "minor and a trial by jury is not permitted." Licari v. Elliott, 57 N.Y.2d 230, 235 (1982). Cooper and Baldwin argue that there is no genuine issue of fact as to whether Waller's injuries rise to the requisite level of seriousness for this suit to proceed, relying exclusively on the reports of their two experts, Robert S. Goldstein, M.D., and Daniel J. Feuer, M.D., who examined Waller on June 2, 2004, and May 24, 2004, respectively. Neither doctor found that Waller was suffering from a disability at the time of their examinations. (Goldstein Report, Allen Aff. Ex. C; Feuer Report, Allen Aff. Ex. D.)

But reliance on the findings of these experts miscomprehends the operative standard on summary judgment. Plaintiff must only bring forward evidence showing that there is a *disputed* issue of material fact as to the severity of his injuries. In turn, objective medical proof of severity may be either quantitative, *i.e.*, "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion," or qualitative, "provided that the [qualitative] evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system." See Toure v. Avis Rent A Car Systems, Inc., 98 N.Y.2d 345, 350–51 (2002). Contrary to Cooper and Baldwin's contention that Waller has provided no evidence of injuries apart from "subjective complaints of pain" (Allen Aff. 8), which are insufficient as a matter of law to satisfy the statutory threshold, see Gaddy v. Eyler, 79 N.Y.2d 955, 957–58 (1992), Waller has submitted the affidavit of his treating chiropractor, Richard M. Carpenos, D.C., and the reports of a neurologist, Aric Hausknecht, M.D., who examined Waller in May 2003 and May 2004.

Carpenos testifies that "as a result of the accident of July 11, 2000, Mr. Waller has sustained a significant and permanent restriction in the normal range of motion of his cervical and lumbar spine." (Cardenos Aff., Siegel Aff. Ex. B, ¶ 4.) This diagnosis is supported in Carpenos's affidavit by the results of motion studies conducted on July 17, 2000, and September 9, 2002, showing restrictions in the range of motion in Waller's cervical and lumbar spine area, as compared with American Medical Association ("AMA") guidelines. (Id. ¶¶ 5, 7–8.). Carpenos also refers to the results of a magnetic resonance imaging ("MRI") test performed in November 2002—submitted on summary judgment as Exhibit C to Siegel's affirmation—which confirmed Carpenos's diagnosis of a herniated disk. (Id. ¶ 6.)

Hausknecht's reports are similar. In March 2003, Hausknecht found that Waller was partially disabled and advised him to restrict his activities, referencing the MRI conducted in November 2002 and his own measurements of Waller's range of motion which quantified the restriction as a "20% loss of lateral flexion and rotation in the cervical spine bilaterally." (Hausknecht Reports, Siegel Aff. Ex. D, at 2–3.) These findings were confirmed after further tests, and as late as November 2004, four years after the accident, Hausknecht again concluded that Waller was partially disabled (and had been totally disabled between July 12, 2000, and March 26, 2001) and, moreover, had suffered an additional "25 percent loss of forward flexion in the lumbar spine." (Id. at 4.) The diagnoses of both doctors as to the permanency and severity of Waller's injuries are supported by objective proof susceptible to cross-examination, including "an expert's designation of a numeric percentage of plaintiff's loss of range of motion," and as such are sufficient to create a triable issue. See Toure, 98 N.Y.2d at 351; Khalil v. Morris, 761 N.Y.S.2d 70, 70 (2d Dep't 2003) (triable issue where plaintiff submitted affirmed medical report indicating limitations in range of motion of cervical and lumbar spines, supported by magnetic resonance imaging reports). Accordingly, Cooper and Baldwin's motion for summary judgment is denied.

Finally, plaintiff moves for summary judgment against Cooper and Baldwin on the issue of liability for the accident. Ordinarily, the negligence of a defendant is a question of fact, inappropriately resolved on a motion for summary judgment. Under New York law, however, a rear-end collision with a stopped vehicle establishes a prima facie case of negligence and "imposes a duty upon [the operator of the moving vehicle] to explain how the accident occurred." Guinan v. Lee, 719 N.Y.S.2d 117, 118 (2d Dep't 2001). Where no non-negligent

explanation is provided, summary judgment in favor of plaintiff is appropriate. Id. Similarly, even where the lead vehicle is not stopped, but is in the process of stopping, a rear-end collision in the absence of a non-negligent explanation constitutes negligence as a matter of law, given the duty under New York Vehicle and Traffic Law § 1129(a) to maintain a safe distance between vehicles. See Barba v. Best Sec. Corp., 652 N.Y.S. 2d 71, 71 (2d Dep't 1997); see also Rebecchi v. Whitmore, 568 N.Y.S.2d 423, 424 (2d Dep't 1991) ("Whether or not the plaintiff was already stopped or rolling to a stop, [defendant] was under a duty to maintain a safe distance between the two vehicles and his failure to do so, in the absence of an adequate explanation, constituted negligence as a matter of law which caused the accident.").

The presumption raised by a rear-end collision under certain circumstances is clearly applicable. Williams's deposition testimony, Cooper's statements to the police at the time of the accident, and the police report itself all indicate that Williams's vehicle was stopped at the time it was struck by Cooper and propelled into the vehicle in which Waller was riding as a passenger. (Williams Dep., Holzback Aff. Ex. J, at 24; Cooper Dep., Holzback Aff. Ex. I, at 37–38; Police Report, Holzback Aff. Ex. D, at 1.) But even if, as Cooper contends in his deposition testimony (submitted by Avis and Williams in support of their motion), Williams's vehicle was not fully stopped, but attempting to stop at the time of the accident (Cooper Dep. 14, 20), a rear-end collision would nonetheless raise a presumption of negligence under the principles outlined above.

Cooper and Baldwin have not responded to Waller's motion for summary judgment, either to contest the applicability of a presumption of negligence to the facts of the accident or to provide a non-negligent explanation for the accident. The absence of any such explanation in the

6

presence of a presumption of negligence is sufficient basis upon which to grant summary judgment in favor of plaintiff. The Court would only note in passing that Cooper's own account of the accident in his deposition testimony, including admissions that he was traveling approximately thirty miles per hour just prior to the accident, that he did not remember noticing Williams's vehicle until the accident itself, and that he applied his brakes just prior to the accident in an attempt to stop when he saw Williams's brake lights flash (Cooper Dep. 18, 28–29), lends no support whatsoever to any non-negligent explanation for the accident.

Accordingly, the motion of defendants Avis and Williams for summary judgment is granted and they are dismissed from the case in its entirety; the motion of defendants Cooper and Baldwin for summary judgment on the issue of whether plaintiff's injuries meet the statutory threshold of severity is denied; and plaintiff's motion for summary judgment on the issue of liability is granted against defendants Cooper and Baldwin. The case will go forward to trial on the issue of damages, including whether plaintiff's injuries are sufficiently severe to permit any recovery at all for non-economic loss under New York Insurance Law § 5102(d). The case will be referred to the designated Magistrate Judge for a settlement conference.

SO ORDERED.

Dated: New York, New York
       June 20, 2005

GERARD E. LYNCH
United States District Judge